IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-814 GMS |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Pending before the court is a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by the plaintiff, Catherine Dougherty ("Dougherty"). (D.I. 22.) Dougherty filed her motion following the court's entry of an order granting her request to remand to the Commissioner for further proceedings. (D.I. 21.) For the following reasons, the court grant Dougherty's motion and award attorney's fees in the amount of $9,255.50.

### II. BACKGROUND

Dougherty seeks attorney's fees for 53.5 hours at a rate of $173.00 per hour, totaling $9,255.50.[1] (D.I. 24 at 10.) In support of the motion, Dougherty has submitted a Declaration of David F. Chermol and Michael J. Goodrick ("Declaration"), her counsel in this matter, setting forth: (1) the dates on which counsel worked on this matter; (2) the activity undertaken on each

---

[1] This total includes an additional 10.5 hours in connection with time expended in litigating the EAJA Fee issue. (*See* D.I. 24 at 10.)

such date; and (3) the total number of hours expended for the work performed on that date. (D.I. 22 at 7–8.) The Commissioner opposes Dougherty's request, arguing that the government's position was substantially justified. (D.I. 23.) The Commissioner also challenges the amount of the fees requested as excessive. (*Id.*)

### III. LEGAL STANDARD

The EAJA provides that "a prevailing party in a litigation against the government shall be awarded 'fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The "burden of establishing that there is substantial justification for its position" lays with the government. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). "The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* at 683 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]he government's position is substantially justified 'if it has a reasonable basis in law and fact.'" *Id.* at 684 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Williams*, 600 F.3d at 302.

### IV. ANALYSIS

The court must first determine if Dougherty is the "prevailing party." *See* 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that Dougherty is the prevailing party. On May 7, 2010,

2

the court entered an order remanding Dougherty's application for further administrative proceedings. (D.I. 21.) Dougherty is therefore a prevailing party within the meaning of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993).

The government has not met its burden of establishing substantial justification pursuant to the three-pronged analysis. First, the government has not established a reasonable basis in truth for the facts alleged because he failed to provide record evidence to support the conclusion that the medical opinion of Dougherty's treating physician, Dr. Gossinger, was contradicted by the objective medical evidence. (D.I. 21 at 12.) Second, the government has not established a reasonable basis in law for its position. The court noted a number of errors made by the ALJ related to the decision to reject Dr. Gossinger's medical opinion. (*Id.*) The court determined that the ALJ's rejection of Dr. Gossinger was not supported by substantial evidence. (*Id.*) All of this was established by Third Circuit precedent and SSA regulations. Thus, there was no reasonable basis in law for the government's defense of the ALJ's error. Third, the government has failed to establish a reasonable connection between the facts alleged and the legal theory advanced. The court detailed numerous pieces of evidence that provided justification for Dr. Gossinger's opinion and made clear that the ALJ's decision to afford Dr. Gossinger's opinion no weight was not supported by substantial evidence. (*Id.* at 13–16.) Consequently, the government has not satisfied the three prongs of the analysis to persuade the court that substantial justification exists.[2]

---

[2] The court is also unpersuaded by the government's arguments related to the reasonableness of Dougherty's fee request. (*See* D.I. 23 at 7–12.) The government provides no convincing basis to find any unnecessary duplication of effort. Additionally, Plaintiff's counsel "in an exercise of billing discretion" chose not to seek recovery of 17 hours that were expended on the case. (D.I. 22 at ¶ 6.) The court similarly finds no reason to address the government's generalized objections in light of Dougherty's counsel's expertise and the "routine" nature of this dispute. *See, e.g., U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 211 (3d Cir. 2000) ("a court may not reduce counsel fees sua sponte as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested.").

## V. CONCLUSION

The court concludes that the government has not met its burden. Accordingly, the Court will award to Plaintiff an attorney's fees award in the amount of $9,255.50, representing 53.5 hours of attorney time billed at $173.00 per hour. The payment shall be made directly to the order of David F. Chermol, Esquire, subject to any offset to satisfy a pre-existing, qualifying debt the plaintiff may owe to the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated: January 29, 2015

UNITED STATES DISTRICT JUDGE

4